# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS, | § § § § § | |
| *Plaintiff*, | | |
| v. | § § | Civil Action No. SA-09-CV-767-XR |
| DIANE WOOD BENNETT and LIMITED X-RAY LICENSURE COURSE PROVIDERS, LLC, | § § § § § | |
| *Defendants*. | § | |

## ORDER ON MOTION FOR LEAVE TO FILE UNDER SEAL

On this day, the Court considered Plaintiff's Motion for Leave to File Under Seal. (Docket Entry No. 57). Having considered Plaintiff's motion and the relevant authorities, Plaintiff's motion is hereby DENIED.

## Analysis

Courts have recognized that the public has a common law right to inspect court records. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981)). This right is not absolute, and courts have the discretion to seal the records in judicial proceedings. *Id.* "'[T]he district court's discretion to seal the record of judicial proceedings is to be exercised charily.'" *Id.* (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). The court must balance the public's common law right of access against the interests favoring nondisclosure when exercising its discretion to seal records. *Id.; see*

1

*also Aguirre v. Phillips*, No. SA-03-CA-0038-OG, 2005 WL 3338266, at *5 (W.D. Tex. Sept. 30, 2005).

Here, Plaintiff The American Registry of Radiologic Technologists filed a brief motion for leave of the Court to file its entire motion under seal. Plaintiff cited that the Court had issued a Protective Order in this case on November 12, 2009 (Docket Entry No. 56) and that it had stamped various pages of the motion and attachments as "Confidential" in accordance with the Protective Order. (Mot. at 1.) The Court recognizes that some of the documents attached to the motion have been designated as confidential under the Protective Order and subject to its protections. However, Plaintiff has not established why it is seeking to file the *entire* motion and *all* attached documents under seal. While the Court could easily grant a motion to file confidential exhibits that meet the requirements of the Protective Order under seal, the attachment of some confidential documents to a motion does not automatically warrant that the Court place the entire motion under seal. If there are reasons that warrant placing the entire motion and all the exhibits under seal, those reasons have not been presented at this time.

**Conclusion**

While the Court does not require a lengthy explanation, it requires some justification before placing documents under seal so that it may balance the public's common law right of access against the interests favoring nondisclosure. Plaintiff's motion is hereby DENIED without prejudice to refile.

It is so ORDERED.

SIGNED this 23rd day of November, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE