# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS, § § § § Plaintiff, § § v. § DIANE WOOD BENNETT and LIMITED § X-RAY LICENSURE COURSE § PROVIDERS, LLC, § § Defendants. § | Civil Action No. SA-09-CV-767-XR |

**ORDER ON MOTION FOR LEAVE TO FILE UNDER SEAL**

On this day, the Court considered Plaintiff's Amended Motion for Leave to File Under Seal (Docket Entry No. 60). Having considered Plaintiff's motion, Plaintiff's motion is hereby GRANTED.

**Procedural History**

On November 23, 2009, the Court denied without prejudice Plaintiff's Motion for Leave to File Under Seal. The Court denied the motion because Plaintiff had not established the need to place the *entire* document and *all* attachments under seal in light of the public's common law right to inspect Court records. (Order on Mot. for Leave to File Under Seal (Nov. 23, 2009) [Docket Entry No. 59].) Plaintiff has submitted an amended motion that specifically designates portions of the motion and specific exhibits to place under seal. (Pl.'s Am. Mot. for Leave to File Under Seal Attach.s to Mot. for Prelim. Inj. & Mem. in Support (Nov. 25, 2009) [Docket Entry No. 60].)

## Analysis

In its motion, Plaintiff stated that the "original filing was based on a misunderstanding of the capacity of the Court's Electronic Case Filing system to selectively file portions of documents under seal. Plaintiff mistakenly understood that, where portions of a filing are confidential, then the entire filing must be sealed when the filing is done electronically." (Mot. at 2.) Plaintiff is correct in this assessment that the system is unable to redact specific lines of a motion. In that instance, the entire motion must be sealed. Specific exhibits, however, may be filed under seal.

The Court's concern with the previous motion was not that there were technological misunderstandings. The Court was concerned that Plaintiff had provided no basis for the Court to assess the confidential nature of the specific documents that Plaintiff sought to seal. The request for leave to file documents under seal should be drafted as narrowly as possible in light of the public's right to inspect court records and the direction that the "court's discretion to seal the record of judicial proceedings is to be exercised charily." *See S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (internal quotation marks omitted). Plaintiff has notified the Court that *specific* declarations, exhibits, and references in the motion and proposed order are subject to the Protective Order.

## Conclusion

Plaintiff's Motion for Leave to File Under Seal is hereby GRANTED. It is therefore ORDERED that the following portions of Plaintiff's Motion for Preliminary Injunction and Memorandum in Support shall be filed under seal:

1. Declaration of Nancy Cavallin,
2. Exhibit 1 to the Declaration of Nancy Cavallin,
3. Exhibit 3 to the Declaration of Sri Sankaran,

4. Motion for Preliminary Injunction and Memorandum in Support, and
5. Proposed Order.

It is so ORDERED.

SIGNED this 2nd day of December, 2009.

                                                    XAVIER RODRIGUEZ
                                                  UNITED STATES DISTRICT JUDGE