**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| THE AMERICAN REGISTRY OF | § | |
| RADIOLOGIC TECHNOLOGISTS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-09-CV-767-XR |
| | § | |
| DIANE WOOD BENNETT and LIMITED | § | |
| X-RAY LICENSURE COURSE | § | |
| PROVIDERS, LLC, | § | |
| | § | |
| *Defendants*. | § | |

**ORDER ON MOTION TO STAY DISCOVERY**

On this day, the Court considered Defendants' motion to stay discovery (Docket Entry

No. 72).  Having considered the motion, Plaintiff's response, and supporting documents, the Court

DENIES Defendants' motion without prejudice to refile.

**Background**

Plaintiff The American Registry of Radiologic Technologists ("ARRT") filed suit against

Defendants Diane Wood Bennett and Limited X-Ray Licensure Course Providers.  ARRT develops

exams that states use in licensing medical radiologic technologists.  Defendants operate an exam

preparation service.  ARRT alleges that Bennett and Course Providers obtain examination questions

from students who have taken the exam and provide them to students who have not yet taken the test.

Plaintiff filed suit against Defendants for copyright infringement, breach of contract, tortious

interference, and misappropriation of trade secrets.

**Defendants' Motion and Plaintiff's Response**

Defendants move the Court to stay discovery for 120 days.[1] Bennett states that she was diagnosed with cancer in mid-2009 and has undergone chemotherapy since her diagnosis. She is scheduled to undergo a series of major surgeries beginning in late February 2010, with the last surgery scheduled for late May 2010. Bennett declares that X-Ray Licensure Course Providers is a small company and that she is the company's only employee. Defendants argue that a failure to stay discovery would be prejudicial.[2]

Plaintiff responds that Defendants failed to resolve this issue with ARRT before filing a motion with the Court.[3] ARRT states that it was open to a modification of the scheduling order and sought to continue third-party discovery. ARRT claims that Defendants immediately filed their motion without discussing the possible limitations the parties could agree to on discovery and that Defendants would not provide a letter from Bennett's treating physician. ARRT argues (1) that any stay of proceedings should not apply to its pending motion for preliminary injunction, (2) that a request for a letter from a treating physician is reasonable, (3) that Defendants' motion fails to

---

[1] Def.s' Opposed Mot. for 120 Stay in Proceedings & Extension of Deadlines, Feb. 1, 2010 (Docket Entry No. 72).

[2] Defendants also question Plaintiff's discovery tactics, alleging (1) that ARRT has not served its Rule 26(a)(1) disclosures even though the deadline has passed, (2) that ARRT insists Defendants' discovery responses are deficient, and (3) that ARRT has propounded discovery requests related to Ms. Bennett's husband even though he is a third-party in this case. ARRT challenges Defendants' assertions and likewise claims that Defendants have not timely complied with discovery requests. While the Court notes Defendants' issues with Plaintiff's discovery tactics, Defendants are not seeking a protective order for any specific discovery request nor are they seeking to compel Plaintiff's responses in their motion.

[3] Pl.'s Mem. in Opposition to Def.s' Mot. to Stay Proceedings, Feb. 12, 2010 (Docket Entry No. 73).

establish good cause, and (4) that the case can be advanced without prejudice to the Defendants.

## Legal Standard

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) (internal quotation marks omitted). Rule 26(c) of the Federal Rules of Civil Procedure provides that a court may issue a stay of proceedings upon a showing of "good cause." FED. R. CIV. P. 26(c)(1); *see also United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008). "Good cause may exist when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *Gonzalez*, 571 F. Supp. 2d at 767 (quoting FED. R. CIV. P. 26(c)). "The burden is upon the movant to show the necessity of [a stay of discovery], which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

## Analysis

As an initial matter, the Local Rules of the Western District of Texas require counsel to engage in a meaningful attempt to resolve pretrial motions before engaging the Court. L.R. AT-4(f) (W.D. Tex.) ("Before filing a non-dispositive motion, a lawyer should make a reasonable effort to resolve the issue without involving the court."). The Court expects that attorneys will grant opponent's reasonable requests for extensions of time. L.R. AT-4(b) ("The court expects a lawyer to grant other lawyers' requests for reasonable extensions of time to respond to discovery, pretrial motions, and other pretrial matters. . . .").

The e-mail exchange between Plaintiff's counsel and Defendants' counsel fails to

demonstrate any meaningful attempt to resolve Defendants' request. In response to Defendants' counsel's inquiry about ARRT's opposition to a stay, ARRT responded: "We are open to considering the stay you requested. However, we would want to see a letter from a treating physician detailing Ms. Bennett's status, course of treatment, and likely recovery time. We would also like to be able to proceed with third-party discovery." Six minutes later, Defendants' counsel responded: "I interpret your response as opposition to our request. . . . Ms. Bennett's declaration concerning her medical condition should be sufficient . . . ." ARRT's counsel then states at the beginning of his next e-mail message: "I think your interpretation and characterization of my response is unfortunate."

Based on the information before the Court, ARRT appears amenable to modifying the discovery schedule. A motion for the Court's consideration appears premature at this time.

Furthermore, a request for a physician's note is reasonable and not unduly burdensome. *Cf. Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 852–53 (2d Cir. 1995) (finding wilfulness in a party's failure to comply with discovery because the party could not substantiate that he suffered a heart attack with a physician's statement); *Cross v. Village of Cooperstown*, No. 6:04-CV-501 (FJS/GHL), 2007 WL 3254269, at *3 (N.D.N.Y. Nov. 2, 2007) (finding that a party who did not participate in depositions because of illness failed to substantiate the claim with a physician's note). A statement from the Bennett's treating physician would allay any of Plaintiff's potential concerns of gamesmanship.[4] Moreover, the statement would provide this Court with additional evidence to evaluate a motion for a protective order or stay. *See Hometown Folks, LLC v. S&B Wilson, Inc.*, No. 1:06-CV-81, 2007 WL 2227817, at *1 (E.D. Tenn. July 31, 2007) (stating that the party seeking a protective order included a declaration from a physician); *Levick v. Steiner Transocean Ltd.*, 228

---

[4]Plaintiff has not alleged that any gamesmanship is occurring.

F.R.D. 671, 672 (S.D. Fla. 2005) (considering a party's verified statement about undue hardship and financial burden to change the location of a physical examination and deposition as "unsubstantiated").

Defendants' motion fails to establish good cause. Moreover, the motion fails to explain how any stay of discovery as applied to Ms. Bennett warrants a stay of discovery for third parties.

### Conclusion

The motion is DENIED WITHOUT PREJUDICE so the parties may conduct a meaningful attempt to resolve their non-dispositive, pre-trial dispute before engaging the Court.

It is so ORDERED.

SIGNED this 16th day of February, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE